# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** | § § | Case No. **14-51689K** |
| Debtor(s) | § § | **CHAPTER 13 PLAN** |
| | *AMENDED* | |

To the Honorable United States Bankruptcy Judge:

Comes now the Debtor(s) herein and, as required by 11 U.S.C. §1321, files this Debtor's Chapter 13 plan, and in support thereof would show the Court as follows:

### Monthly Plan Payment

Debtor(s) shall each month submit such portion of Debtor's future earnings (or other future income) to the supervision and control of the Chapter 13 Trustee as is necessary for the execution of this plan. Payments by Debtor to the Trustee shall begin within thirty (30) days after the date the Order for relief is entered unless otherwise allowed by the Court. The Debtor's monthly plan payment shall be an amount equal to the Debtor's monthly disposable income or an amount sufficient to pay the claims of general unsecured creditors in full over the term of the plan, whichever first occurs.

### Duration of Plan

The term of the plan shall not exceed sixty (60) months from the date the first monthly plan payment is due or until the claims of general unsecured creditors are paid in full, whichever first occurs, provided that the term may be extended by the granting of a moratorium by the Court after proper notice and opportunity for hearing, or other modification of the plan granted by the Court after proper notice and opportunity for hearing. Regardless of the total term, unless there has been a change in circumstances, the plan shall be deemed to have been completed when the Chapter 13 Trustee has received from or on behalf of the Debtor(s) an amount equal to the number of months specified in the Plan times the monthly plan payment or an amount necessary to pay the claims of general unsecured creditors in full, whichever first occurs, and as adjusted by any post-confirmation modifications of the amount of the monthly plan payment.

### Payment of Claims

Allowed claims shall be paid to the holders thereof in accordance with the terms hereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims (TRCC).

**Local Rule 3002 provides, in part, that EVERY creditor filing a proof of claim in all cases SHALL transmit a copy with attachments, if any, to the Debtor's attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case.**

**A. Administrative Expenses:** The Trustee shall pay the expenses, as prescribed by the Court, for administering the plan. The first monthly plan payment shall be paid to the Debtor's attorney as attorney's fees. The balance, if any, of Debtor's attorney's fees shall be paid concurrently with allowed secured claims in consecutive monthly installments. Such fees shall be paid in full prior to any payments being made to general unsecured creditors. Once Debtor's attorney fees are paid in full, those funds will be paid, pro rata, first to secured creditors, then to priority creditors and then to unsecured creditors.

**B. Priority Claims:** Other than Debtor's attorneys' fees, payment of which is provided for in the preceding paragraph, claims entitled to priority under 11 U.S.C. §507, except a claim entitled to priority under §507(a)(1)(B), shall be paid in full, pro rata, unless a specific payment amount is assigned to a particular priority claim, in deferred installments as funds become available upon completion of payment of attorneys' fees and allowed secured calims. The holder of any such claim may agree to a different treatment of such claim. Claims allowed under §507(a)(1)(B) are not dischargeable and may be paid less than the full amount only if the Debtor's disposable income is paid into the plan for 5 years.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** | § § | Case No. **14-51689K** |
| *Debtor(s)* | § § | **CHAPTER 13 PLAN** |

**AMENDED**

*Continuation Sheet # 1*

---

**C. Secured Claims:** In the event a secured claim is treated pursuant to 11 U.S.C. §1325(a)(5)(B), secured creditors whose claims are allowed shall be paid, in consecutive monthly installments, a principal amount equal to the value of their collateral or the amount of their net claim, whichever is less, plus interest thereon at the applicable rate. Unless objected to, the monthly installments proposed by the Debtor will be considered to provide adequate protection to such creditor during the term of the plan. The holders of such claims shall retain their liens on the collateral which is security for such claims (except for those liens which the Debtor(s) avoids by proper pleading and opportunity for hearing thereon) until the earlier of the payment of the underlying debt (determined under non-bankruptcy law) or discharge pursuant to §1328. If the case is dismissed or converted without completion of the plan, such lien is retained to the extent allowed by applicable non-bankruptcy law. The value of the collateral shall be deemed to be the value established by the Debtor, subject to objection, and, accordingly, the amount of the secured claim shall be established in the manner provided by the Local Rules and Standing Order of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral, which claim and collateral was not dealt with by the Debtor's plan, the collateral will be deemed valued by the Court at the amount set forth in the Trustee's Recommendation Concerning Claims (TRCC), unless a response and objection to the TRCC is timely filed.

**D. Unsecured Claims:** Unsecured claims may be separately classified provided, however, that all claims within a particular class shall be treated the same. Any unsecured claim not over $50.00 may be paid pro rata, in equal installments or in full, at the election of the Trustee. The classes, generally, will be as follows:

    **1. General unsecured:** The class of "general unsecured" claims shall comprise the claims of all creditors holding unsecured nonpriority claims, not otherwise designated as "special class" unsecured claims, including the unsecured portion of a secured creditor's bifurcated claim (i.e., the difference between the value of the collateral and the total amount of the claim) and secured claims the liens securing which have been avoided. Payments to general unsecured creditors shall be made on a pro rata basis as funds become available after secured and priority claims have been paid in full. The amount paid to general unsecured claimants shall depend on such factors as the total amount of claims actually filed and allowed, but the total amount paid to unsecured creditors shall be equal to or greater than the amount such creditors would receive, as of the effective date of the plan, if the Debtor's estate were liquidated under Chapter 7 of the United States Bankruptcy Code. In the event the Debtor owns non-exempt assets the liquidation of which would result in the immediate payment in full of all allowed general unsecured claims were the Debtor's estate liquidated under Chapter 7 of the United States Bankruptcy Code, then the Debtor shall pay the holders of such claim interest at the rate of five percent (5%) per annum on allowed claims over the term of the Chapter 13 plan. Interest that would otherwise accrue during the life of the plan is discharged upon completion of the plan, except for any interest accruing on a debt to any general unsecured creditor whose debt (and/or interest) is nondischargeable under the law.

    **2. Special class:** The class of "special class" claims shall comprise those claims that would otherwise be general unsecured claims but that the Debtor(s) has elected to pay in full despite the fact that general unsecured claims are not paid in full. Such claims include, but are not limited to, claims arising out of consumer debts for which any individual is liable with the Debtor by way of co-signature, guarantee, endorsement or otherwise ("co-signed debts"), claims based on NSF checks (or any other claims which might result in criminal prosecution), and student loans.

**Vesting of Estate Property**

Upon confirmation of the plan, all property of the estate shall not vest in the Debtor(s), but shall remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** | § § | Case No. **14-51689K** |
| *Debtor(s)* | § § | **CHAPTER 13 PLAN** |

**AMENDED**
*Continuation Sheet # 2*

---

### Executory Contracts/Unexpired Leases:

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume or assign the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Rent A Center | Electronics lease | Rejected | No |

### Direct Payments to Creditors

Certain claims may be paid directly to the holders thereof, not by the Chapter 13 Trustee, but rather by the Debtor(s) or some other party who shall be deemed acting as disbursing agent of the Trustee for payment of such claims. Creditors receiving such direct payments outside the plan may continue to issue payment books, coupons and any other method normally used to make and receive periodic payments and this shall not violate the provisions of 11 U.S.C. § 362.

Such payments shall be made in addition to the payments by Debtor to the Trustee as herein set forth.

If a creditor is allowed by Court Order to foreclose on, or otherwise take back his/her property, such creditor must notify the Chapter 13 Trustee immediately upon regaining the property. Upon entry of an Order Lifting Stay, the Trustee shall stop any further payment on that claim.

Any creditor who has obtained an order lifting the automatic stay, or an inferior lienholder in the case desiring to file a deficiency claim, must file such claim by amending or replacing their claim within 90 days of the property's reversion to the first lienholder.

### Long Term Debts

Any amount not paid during the term of the plan on secured debts upon which the last payment is due after the final payment under the plan is due ("long term debts") shall not be discharged. In the event the debt is secured by any real or personal property and either the holder of such secured claim obtains relief from the stay of 11 U.S.C. §362 for the purpose of foreclosing its lien on or security interest in such property or the Debtor elects to surrender the property to the creditor, then the entire debt shall be discharged pursuant to 11 U.S.C. §1328(a) or 11 U.S.C. §1328(b) and shall not be excepted from such discharge by 11 U.S.C. §1328(a)(1) or 11 U.S.C §1328(c)(1). A creditor may file an unsecured claim in the amount of any resulting deficiency after the collateral is liquidated and the proceeds thereof applied against the claim within ninety (90) days of such liquidation unless the Court orders otherwise.

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** | § § § | Case No. **14-51689K** |
| *Debtor(s)* | | **CHAPTER 13 PLAN** |

**AMENDED**

Continuation Sheet # 3

---

## Additional Provisions

Additional information, provisions and requirements are set forth in the Local Rules and Standing Orders of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines which will be mailed to all parties affected hereby. These documents should be consulted in connection with any analysis of this plan and the effect thereof.

Proposed payments to individual creditors and the amount of payments to unsecured creditors may change as a result of the Meeting of Creditors or as Proofs of Claim are filed and allowed. Creditors may wish to attend the meeting of creditors and should be aware of any changes. All changes will be listed in the TRCC which will be served on all creditors after the deadline for filing proofs of claim has expired.

### Specific Treatment for Payment of Allowed Claims

These are proposed treatments. Actual treatment may be different. When claims are finalized, you will be served with the "Trustee's Recommendation Concerning Claims" and the opportunity to object.

### 1. DIRECT PAYMENTS TO CREDITORS

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| Bexar County | Direct pay escrow | $0.00 | |
| Dora Cantu | Direct pay | $3,158.00 | $100.00 |
| Selene Finance, LP | Direct pay 1st due date after | $50,831.00 | $371.07 |

### 2. SECURED CREDITORS: (Refer to paragraph C)

| Creditor / Collateral / Remarks | Estimated Amount | Estimated Value | Unsecured Portion | Mo. Pmt or Method of Disb. | Insured (Yes/No) Name of Insurance | Indicated if to be Sold or Returned | Interest Rate |
|---|---|---|---|---|---|---|---|
| Auto Title Loans<br>1999 Dodge Caravan<br>Pay mv@$15/mo beg mo 5 | $3,398.00 | $600.00 | $2,798.00 | $15.00 | Yes | | 6.5% |
| Chrysler Capital<br>2014 Dodge Avenger<br>Pay fully sec@$655/mo beg mo 5 | $30,821.40 | $16,212.00 | $14,609.40 | $655.00 | Yes | | 6.5% |
| Selene Finance, LP<br>2121 McKinley, San Antonio, Texas 78210<br>Pay pro rata | $26,405.14 | $26,405.14 | $0.00 | Pro-Rata | Yes | | 0% |

### 3. PRIORITY CREDITORS: (Refer to paragraph B)

| Creditor | Estimated Amount of Debt | Payment Method<br>1. Before<br>2. After<br>3. Along With<br>Secured Creditors | Remarks |
|---|---|---|---|
| Malaise Law Firm | $3,200.00 | Along With | See special provisions |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| IN RE: Raymond Garcia Flores | § | Case No. 14-51689K |
|---|---|---|
| | § | |
| Debtor(s) | § | CHAPTER 13 PLAN |

**AMENDED**

*Continuation Sheet # 4*

### 4. SPECIAL CLASS UNSECURED CREDITORS: (Refer to paragraph D-2)

| Creditor / Remarks | Special Condition | Estimated Debt | Mo. Pmt or Method of Disb. on Est. Value |
|---|---|---|---|
| | | | |

### 5. GENERAL UNSECURED CREDITORS: (Refer to paragraph D-1)

| Creditor | Estimated Debt | Remarks |
|---|---|---|
| Ad Astra. Rec. | $475.00 | |
| Auto Title Loans | $2,798.00 | Unsecured portion of the secured debt (Bifurcated) |
| Datasearch, Inc. | $63.00 | |
| Harley Davidson Financial | $10,016.00 | |
| Royal Mgt/Loan Express | $130.00 | Avoid 522(f)HHG Lien |
| SARMA Collections Inc. | $116.00 | |
| SARMA Collections Inc. | $74.00 | |
| SARMA Collections Inc. | $74.00 | |
| Social Security Adminstration | $3,000.00 | |
| The Cash Store | $300.00 | |

## Totals

Priority  **$3,200.00**  , Secured  **$57,826.54**  , Special Class  **$0.00**  , Unsecured  **$17,046.00**  .

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** § | Case No. | **14-51689K** |
| § | | |
| Debtor(s) § | **CHAPTER 13 PLAN** | |

**AMENDED**

*Continuation Sheet # 5*

## General Information

> **NOTICE: Local Rule 3002 provides, in part:**
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any to the Debtor's Attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case."*

Creditors are hereby notified that WITHOUT FURTHER NOTICE the Plan may be amended at the Meeting of Creditors (341(a) meeting). Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments and estimates of the allowed claims may also change. The following information is an attempt to advise Creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the First Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the office of the United States Bankruptcy Clerk in San Antonio, Texas.

1. The Debtor's Plan Payment is scheduled at **Variable Payments**. ☑ Pay Order, ☐ Pay Order waived.

2. The Plan proposes to pay in full all allowed priority, special class and secured claims to the extent of the value of the collateral and a total of no less than **$595.54** will be paid to nonpriority unsecured creditors with allowed claims during the Plan. Unsecured creditors will receive approximately **3%** of allowed claims. (See Note 1).

3. Value of non-exempt assets **$0.00**, ☑ Federal or ☐ State exemptions; ☑ Consumer Debtor or ☐ Business Debtor.

4. Current Monthly Income **$1,875.14**, - Amounts Reasonably Necessary to Be Expended _____ = Monthly Disposable Income _____. (From Form B22C)

and/or

5. Monthly net income from Schedule I **$2,989.32**, - Expenses from Schedule J **$1,799.32** = Excess income **$1,190.00**

6. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in the "Specific Treatment of Allowed Claims" set forth above.

Note 1: Creditors should note that the Debtor's projection of the percentage payment of allowed general unsecured claims is only an estimate. Such percentage is based upon the amount of debt of all classes listed by the Debtor(s) in the Debtor(s) schedules filed with the Court. If claims or amended claims are filed and allowed by the Court in an amount greater or lesser than that scheduled by the Debtor(s), the percentage paid to unsecured creditors may be different than is estimated here.

## SUPPLEMENTAL PLAN PROVISIONS

The above plan is a uniform Chapter 13 plan adopted for use in the San Antonio Division of the Western District of Texas. None of its provisions can be altered except as hereinafter set forth in this Supplemental Plan Provision. To the extent any provision of the Supplemental Plan is in conflict with the provisions in the uniform plan, the Supplemental Plan shall prevail. Any provisions in the Supplemental Plan not provided for in the uniform plan shall become a part of the plan in addition to the provisions of the uniform plan.

The following are the Supplemental Plan Provisions:

**Plan Length**
60 months

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: **Raymond Garcia Flores** | § § | Case No. **14-51689K** |
| Debtor(s) | § § | **CHAPTER 13 PLAN** |

**AMENDED**

*Continuation Sheet # 6*

---

### Attorney Fees

Pay fees in full first 4mo's then $100/mo or more as funds become available, pursuant to paragraph f, 2006 Standing Order

### Confirmation Provision

Entry of an order confirming this plan does not affect or inhibit the Trustee's avoidance powers as set forth in 11 U.S.C. §§ 544-548.

Respectfully submitted this date: _____

_____
Raymond Garcia Flores

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

IN RE: **Raymond Garcia Flores**　　　　　　　　　　　　CASE NO **14-51689K**

　　　　　*Debtor(s)*　　　　　　　　　　　　　　　　　　CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | Payment | Month / Due Date | Payment | Month / Due Date | Payment |
|---|---|---|---|---|---|
| 1  07/30/2014 | $480.00   | 21  03/30/2016 | $1,190.00 | 41  11/30/2017 | $1,290.00 |
| 2  08/30/2014 | $480.00   | 22  04/30/2016 | $1,190.00 | 42  12/30/2017 | $1,290.00 |
| 3  09/30/2014 | $480.00   | 23  05/30/2016 | $1,190.00 | 43  01/30/2018 | $1,290.00 |
| 4  10/30/2014 | $1,190.00 | 24  06/30/2016 | $1,190.00 | 44  02/28/2018 | $1,290.00 |
| 5  11/30/2014 | $1,190.00 | 25  07/30/2016 | $1,190.00 | 45  03/30/2018 | $1,290.00 |
| 6  12/30/2014 | $1,190.00 | 26  08/30/2016 | $1,190.00 | 46  04/30/2018 | $1,290.00 |
| 7  01/30/2015 | $1,190.00 | 27  09/30/2016 | $1,190.00 | 47  05/30/2018 | $1,290.00 |
| 8  02/28/2015 | $1,190.00 | 28  10/30/2016 | $1,190.00 | 48  06/30/2018 | $1,290.00 |
| 9  03/30/2015 | $1,190.00 | 29  11/30/2016 | $1,190.00 | 49  07/30/2018 | $1,290.00 |
| 10 04/30/2015 | $1,190.00 | 30  12/30/2016 | $1,190.00 | 50  08/30/2018 | $1,290.00 |
| 11 05/30/2015 | $1,190.00 | 31  01/30/2017 | $1,190.00 | 51  09/30/2018 | $1,290.00 |
| 12 06/30/2015 | $1,190.00 | 32  02/28/2017 | $1,290.00 | 52  10/30/2018 | $1,290.00 |
| 13 07/30/2015 | $1,190.00 | 33  03/30/2017 | $1,290.00 | 53  11/30/2018 | $1,290.00 |
| 14 08/30/2015 | $1,190.00 | 34  04/30/2017 | $1,290.00 | 54  12/30/2018 | $1,290.00 |
| 15 09/30/2015 | $1,190.00 | 35  05/30/2017 | $1,290.00 | 55  01/30/2019 | $1,290.00 |
| 16 10/30/2015 | $1,190.00 | 36  06/30/2017 | $1,290.00 | 56  02/28/2019 | $1,290.00 |
| 17 11/30/2015 | $1,190.00 | 37  07/30/2017 | $1,290.00 | 57  03/30/2019 | $1,290.00 |
| 18 12/30/2015 | $1,190.00 | 38  08/30/2017 | $1,290.00 | 58  04/30/2019 | $1,290.00 |
| 19 01/30/2016 | $1,190.00 | 39  09/30/2017 | $1,290.00 | 59  05/30/2019 | $1,290.00 |
| 20 02/29/2016 | $1,190.00 | 40  10/30/2017 | $1,290.00 | 60  06/30/2019 | $1,290.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:                                                                         CASE NO: 14-51689K
    Raymond Garcia Flores

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Chapter 13 Plan was mailed, hand delivered or electronically noticed on the 29th day of September, 2014 to:

Ms. Nancy Ratchford                                 Mary K. Viegelahn
United States Trustee                                 Chapter 13 Standing Trustee
615 E. Houston, Ste. 533                          10500 Heritage Blvd, Ste. 201
San Antonio, TX 78205                              San Antonio, TX 78216

Raymond Garcia Flores
2121 McKinley
San Antonio, TX 78210

Along with attached creditor matrix

                                                                        **MALAISE LAW FIRM**
                                                                        909 NE Loop 410, Suite 300
                                                                        San Antonio, Texas 78209
                                                                        (210) 732-6699

                                                                        /J. Todd Malaise/SBN: 00796984
                                                                        David C. Werner/SBN: 00797651
                                                                        Kristina L. Gonzales/SBN: 24065306
                                                                        Steven G. Cennamo/SBN: 04045600

```
Label Matrix for local noticing         U.S. BANKRUPTCY COURT                   Selene Finance, LP
0542-5                                  615 E. HOUSTON STREET, ROOM 597         c/o shapiro Schwartz
Case 14-51689-rbk                       SAN ANTONIO, TX 78205-2055              13105 Northwest Fwy.
Western District of Texas                                                       Suite 1200
San Antonio                                                                     Houston, TX 77040-6355
Fri Sep 26 16:41:47 CDT 2014

Ad Astra. Rec.                          Attorney General of the US              Auto Title Loans
8918 W. 21st St., N. Suite 200          Department of Justice                   c/o Bruce A. Heitz
Mailbox: 112                            950 Pennsylvania Ave. NW                2310 W. Interstate 20
Wichita, KS 67205-1880                  Washington, DC 20530-0009               Arlington, TX 76017-1677


Bexar County                            Bexar County                            Butler & Hosch
c/o Don Stecker                         c/o Don Stecker                         13800 Montfort Dr., Ste. 300
711 Navarro, Suite 300                  Linebarger Goggan Blair & Sampson       Dallas, TX 75240-4388
San Antonio, TX 78205-1749              711 Navarro, Ste. 300
                                        San Antonio, TX 78205-1749


Carrington Mortgage Services            Chrysler Capital                        Cottonwood Financial Texas, LP
1610 E St Andrew Pl                     Po Box 961275                           1901 Gateway Drive
#B150                                   Fort Worth, TX 76161-0275               Suite 200
Santa Ana, California 92705-4931                                                Irving, TX 75038-2425


Datasearch, Inc.                        Dora Cantu                              ECMC
P.O. Box 461289                         c/o Randolph V. Gonzalez                P.O. Box 16408
San Antonio, TX 78246-1289              Child Support Division-MC201            St. Paul, MN 55116-0408
                                        3460 Northeast Parkway
                                        San Antonio, TX 78218-3304


Harley Davidson Financial               Harley-Davidson Credit Corp.            Internal Revenue Service
Attention: Bankruptcy                   PO Box 9013                             P.O. Box 7346
PO Box 22048                            Addison, Texas 75001-9013               Philadelphia, PA 19101-7346
Carson City, NV 89721-2048


Quantum3 Group LLC as agent for         Rent A Center                           Royal Mgt/Loan Express
CF Medical LLC                          2085 W. Oaklawn Rd                      25331 IH 10 West
PO Box 788                              Pleasanton, TX 78064-4613               San Antonio, TX 78257
Kirkland, WA 98083-0788


SARMA Collections Inc.                  Social Security Adminstration           Speedy Cash
1801 Brodway                            PO Box 3430                             2320 E. Southcross
San Antonio, TX 78215-1227              Philadelphia, PA 19122-0430             San Antonio, TX 78223-2254


Speedy Cash                             The Cash Store                          US Attorney's Office
3611 N. Ridge Rd.                       6604 FM 78, Suite 100                   601 NW Loop 410, Ste 600
Wichita, KS 67205-1214                  San Antonio, TX 78244-1876              San Antonio, TX 78216-5597


United States Trustee - SA12            VA Regional Office                      J. Todd Malaise
US Trustee's Office                     Office of District Counsel              909 NE Loop 410, Suite 300
615 E Houston, Suite 533                2515 Murworth Dr                        San Antonio, TX 78209-1315
PO Box 1539                             Houston, TX 77054-1603
San Antonio, TX 78295-1539
```

J. Todd Malaise02
Malaise Law Firm
909 NE Loop 410, Suite 300
San Antonio, TX 78209-1315

Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216-3631

Raymond Garcia Flores
2121 McKinley
San Antonio, TX 78210-4304

End of Label Matrix
Mailable recipients    32
Bypassed recipients     0
Total                  32